# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Edison L. Mier, et al. | Civil Action No. 6:05-cv-2136 |
| versus | Judge Tucker L. Melançon |
| Elizabeth G. Andrus, Trustee | Magistrate Judge Methvin |

## MEMORANDUM RULING

Before the Court is an appeal from a Judgment of the United States Bankruptcy Court for the Western District of Louisiana, Honorable Gerald H. Schiff, filed by the appellant, Edison L. Mier [Rec. Doc. 9] and the appellee Elizabeth G. Andrus, Trustee's brief in opposition [Rec. Doc. 10]. For the following reasons, the Judgment of the Bankruptcy Court will be affirmed.

*I. Background*

In January 2004, Edison L. Mier settled a workers' compensation claim arising under the Louisiana Workers' Compensation Law, LA R.S. 23:1021, *et seq.*, against his employer, Lafayette Auto Auction, related to an injury he sustained in 2003. (*Appellant's Brief*, p. 1). As part of the settlement, Mier accepted a lump sum payment of $40,000 and released his employer from any further liability in

conjunction with the accident. (*Id*). The proceeds of the settlement were placed in an account. (*Id*).

On June 23, 2005 Edison and Georgia Mier filed for bankruptcy relief under Chapter 7, Title 11 of the United States Bankruptcy Code, 11 U.S.C. § 701, *et seq*. (*Id*). At the time of the filing, the account had a balance of $3,200. (*Id*). In filing, Mier listed the account as a personal asset, but further claimed it as exempt property pursuant to LA. R.S. 23:1205. (*Id* at 2). The Trustee filed an objection to the exemption classification and a hearing was held before the Honorable Gerald H. Schiff, United States Bankruptcy Judge for the Western District of Louisiana, on September 20, 2005. (*Id*). On October 28, 2005, Judge Schiff issued a Memorandum Ruling sustaining the Trustee's objection, disallowing Mier from exempting the amount remaining from the lump-sum settlement of his worker's compensation claim. (*Id*). On November 3, 2005 Judge Schiff issued a Judgment incorporating the October 28, 2005 Memorandum Ruling. (*Id*). On December 12, 2005, Edison Mier filed this appeal.

## *II. Discussion*

Conclusions of law are reviewed de novo and the Bankruptcy Court's findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous. *Bankruptcy Rule 8013*.

In this appeal, the appellant argues that the Bankruptcy Court erred as a matter of law by ruling that the remaining proceeds of a lump sum workers' compensation claim settlement are not included, and thus not exempted from a creditor's attack, within the exemption provisions of LA R.S. 23:1205(A) of the Louisiana Workers' Compensation Act.[1] Specifically, Mier argues that the Bankruptcy Court misinterpreted the statute, ruling that lump sum payments already in the possession of the debtor are not covered by the "claims or payments due" language of the statute.

In making his Ruling, Judge Schiff relied on *Hawthorne v. Davis*, 140 So. 56 (La. App. 1 Cir. 3/8/32), a case that Appellant agrees is factually similar to the present matter.[2] (*Appellant's Brief*, p. 5). The Bankruptcy Court further relied on *Matter of Sinclair*, 417 F.3d 527 (5th Cir. 2005), which favorably cited *Hawthorne* on the issue

---

[1] LA. R.S. 23:1205(A) states:

> Claims or payments due under this Chapter shall have the same preference and priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages of the laborer; and shall not be assignable, and shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant or descendant.

[2] In *Hawthorne*, the Louisiana First Circuit Court of Appeals reviewed the language of Section 21 of the Employers' Liability Act of 1926, a precursor to the Louisiana Workers' Compensation Act, LA. R.S. 23:1205.

of interpreting bankruptcy exemptions under Louisiana law in relation to disposable earnings.

In challenging the Bankruptcy Court's conclusions, Mier points out that over seventy years have passed since *Hawthorne* was decided. He also avers that *Hawthorne* frustrates the Legislature's intent to protect injured workers by passage of the Workers' Compensation Act and makes a broader argument of the resulting inequities.

The Appellant's arguments are without merit. Despite the age of the *Hawthorne* opinion, the case is still good law and stands for the proposition that the exemption "certainly does not refer to 'payments' that have been received." *Id.* at 56. The Fifth Circuit, in *The Matter of Sinclair*, has also relied on the *Hawthorne* reasoning. 417 F.3d 527 (5th Cir. 2005). Borrowing from Louisiana courts' interpretation of the workers' compensation exemption to determine whether the Louisiana disposable earnings exemption applies to amounts already received by the debtor, the Court held, "We will follow the Louisiana courts' interpretation of the workers' compensation exemption as not applying to benefits that have been received. Therefore, consistent with the statute's plain language, we conclude that the disposable earnings exemption does not protect wages once they have been paid." *Id.* at 532.

Further, Mier's contention that the Bankruptcy Court's decision is not in accord with legislative intent is incorrect. The *Hawthorne* opinion that the Bankruptcy Court relied on in making its Ruling contemplated statutory interpretation, stating "such an extension of the exemption would not be justified . . . and would be tantamount to a piece of legislation on our part, an invasion of the legislative department, going beyond the functions of courts which should say what the law is, and not what the law should be." 140 So. 56 at 58. Louisiana courts and courts of the Fifth Circuit have long held that when a statute's terms are unambiguous, the court must give the terms their clear and intended meanings. See *Welltech, Inc. v. Abadie*, 683 So. 2d 809 (La. App. 5 Cir. 10/1/96) (holding that courts are powerless to change clear enactment or wording of a statute); *Matter of Greenway*, 71 F.3d 1177 (5th Cir. 1996) (holding that when statutory language is plain, sole function of the court is to enforce statute according to its terms). Accordingly, the Court finds that the Bankruptcy Court correctly interpreted and applied the relevant law in this matter.

After a review of the cases cited by the Bankruptcy Court, the parties' briefs, and the entire record, the Court concludes that, as a matter of law, payments that have already been received are not exempted as "claims or payments due" under LA R.S. 23:1205(A). As such, the Appellant is not entitled to exempt from seizure the balance of his workers' compensation settlement. Accordingly, the Court will affirm the

5

Bankruptcy Court's Ruling that L<small>A</small> R.S. 23:1205(A) does not protect workers' compensation payments once they have been deposited into a bank account.